Anna S. McLean (No. 142233)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6666
Facsimile: (415) 772-6268

Anna.McLean@hellerehrman.com

Carlos Solis (No. 045976)
John C. Ulin (No. 165524)
Anna Buono-Zusman (No. 232753)
HELLER EHRMAN LLP
333 South Hope Street, 39th Floor
Los Angeles, CA 90071
Telephone: (213) 689-0200
Facsimile: (213) 614-1868

Attorneys for Plaintiff
PHILIP MORRIS USA INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| PHILIP MORRIS USA INC., <br><br> Plaintiff, <br><br> v. <br><br> ELOISE S. ESCANDON, individually and doing business as LA CALIFORNIA; MANUEL P. ESCANDON, individually and doing business as LA CALIFORNIA, et al., <br><br> Defendants. | Case No.: 2:05-CV-01337 WBS DAD <br><br> **[PROPOSED] DEFAULT JUDGMENT AND PERMANENT INJUNCTION** |

Plaintiff Philip Morris USA Inc. ("Philip Morris USA") has filed an Application for Default Judgment against the following Defendants in this action (hereinafter, collectively "Defendants"):

1. ELOISE S. ESCANDON, individually and doing business as LA CALIFORNIA (served May 5, 2005; clerk's default entered September 2, 2005); and

PDF created with pdfFactory trial version www.pdffactory.com

2. MANUEL P. ESCANDON, individually and doing business as LA CALIFORNIA (served May 5, 2005; clerk's default entered September 2, 2005).

Philip Morris USA, having properly served a Summons and Complaint ("Complaint") upon each of the Defendants, and Defendants having failed to timely respond to the Complaint, **IT IS HEREBY ORDERED, ADJUDGED and DECREED as follows:**

1. This is an action for: (i) infringement of registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; (ii) false designation of origin and trademark and trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and (iii) unfair competition and trademark infringement in violation of the common law of the State of California. This Court has personal jurisdiction over Philip Morris USA and Defendants, and subject matter jurisdiction of the matters in controversy between Philip Morris USA and Defendants. Venue in this judicial district is proper.

2. Defendants have not made any objections regarding the sufficiency of process or the sufficiency of service of process in this action. Any objections Defendants may have regarding the sufficiency of process or the sufficiency of service of process in these actions are hereby deemed waived.

3. Philip Morris USA manufactures cigarettes, including the famous MARLBORO® brand, for sale in the United States. Philip Morris USA is the registered owner of the following MARLBORO® and MARLBORO®-related trademarks on the Principal Register of the United States Patent and Trademark Office, all of which are valid, subsisting and incontestable pursuant to 15 U.S.C. § 1065 (collectively "Philip Morris USA Marks"):

| Registration Number | Registration Date | Trademark |
| --- | --- | --- |
| 68,502 | April 14, 1908 | MARLBORO |
| 938,510 | July 25, 1972 | MARLBORO Red Label |

PDF created with pdfFactory trial version www.pdffactory.com

| Registration Number | Registration Date | Trademark |
|---|---|---|
| 1,039,412 | May 11, 1976 | MARLBORO LIGHTS |
| 1,039,413 | May 11, 1976 | MARLBORO LIGHTS Label |

4. Philip Morris USA has spent substantial time, effort, and money advertising and promoting the Philip Morris USA Marks throughout the United States, and these marks have consequently developed significant goodwill, have become distinctive, and have acquired secondary meaning.  As a result of the sale of counterfeit MARLBORO® and/or MARLBORO LIGHTS® cigarettes, Philip Morris USA is suffering a loss of the enormous goodwill associated with the Philip Morris USA Marks, and is losing profits from lost sales of genuine products.

5. On November 13, 2004, and subsequent to Philip Morris USA's adoption and first use of the Philip Morris USA Marks, Defendants offered for sale and sold to the general public counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes.

6. Philip Morris USA filed the Complaint in this matter on May 2, 2005.

7. Defendants were served with the Complaint on the dates set forth above. Entry of Default was recorded against each of the Defendants on the dates set forth above due to their failure to answer or otherwise respond to the Complaint.  On September 22, 2005, Philip Morris USA filed with this Court its Application for Default Judgment against Defendants.

8. Accordingly, it is hereby **ORDERED** that Defendants, and their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them, are hereby **PERMANENTLY ENJOINED** from:

(i) purchasing, selling, offering for sale, or otherwise using in commerce any counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes; and

Heller Ehrman LLP

PDF created with pdfFactory trial version www.pdffactory.com

(ii)   assisting, aiding or abetting any other person or entity in purchasing, selling, offering for sale, or otherwise using in commerce any counterfeit MARLBORO® and/or MARLBORO LIGHTS® brand cigarettes.

9. **IT IS FURTHER ORDERED THAT**, pursuant to 15 U.S.C. § 1117(c), Defendants are liable to Plaintiff in the amount not less than $10,000 for violations of Sections 32 and 43(a) of the Lanham Act.

10. **IT IS FURTHER ORDERED THAT** each Defendant is liable to Plaintiff for attorney fees in the amount of $4,942.50.

11. The terms of this Judgment and Permanent Injunction shall be enforceable against Defendants, their successors in interest and assigns, and any persons or business entities working in concert with Defendants.

12. There being no reason for delay, the entry of this default judgment by the United States District Court constitutes entry of final judgment as to all remaining claims asserted in this action by Philip Morris USA against Defendants pursuant to Federal Rule of Civil Procedure 54(b).

13. The Court shall retain jurisdiction to enforce this Default Judgment and Permanent Injunction. If any Defendant shall be alleged to have breached the terms of this Judgment and Permanent Injunction, Philip Morris USA shall have the right to reopen this matter upon motion and be heard on an expedited basis. If this matter is so reopened, Philip Morris USA may pursue any and all remedies it may have against the Defendant alleged to have breached this Default Judgment and Permanent Injunction.

**IT IS SO ORDERED.**

Dated:  December 1, 2005

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

[PROPOSED] DEFAULT JUDGMENT AND PE
Case No. 2:05-CV-01337 WBS DAD

Heller Ehrman LLP

PDF created with pdfFactory trial version www.pdffactory.com

[PROPOSED] DEFAULT JUDGMENT AND PERMANENT INJUNCTION
Case No. 2:05-CV-01337 WBS DAD

Heller Ehrman LLP

PDF created with pdfFactory trial version www.pdffactory.com